IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JAYME D. ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:16-cv-8097-VEH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# **MEMORANDUM OPINION**

Jayme D. Allen, through the Federal Public Defender for the Northern District of Alabama, hereinafter referred to as the Petitioner, asks this court to vacate the sentence imposed upon him on September 19, 2002, in case 3:02-cr-135-VEH-SGC-1.[1] (Docs. 1, 5). This is Petitioner's first petition pursuant to 28 U.S.C. § 2255. It was filed on June 24, 2016, subsequent to the Eleventh Circuit's denial of his direct appeal. (Docket entry #84 dated 8/28/2003 in Case 3:02-cr-135-1-VEH-SGC (no document filed in)); 77 F. App'x 508 (11th Cir. 2003) (Table)). The Government has filed a Response (doc. 5). The matter accordingly is ripe for disposition.[2]

---

[1] At the time of sentencing, the associated criminal case was assigned to a different judge of this court. After that judge retired, the criminal case was reassigned to the undersigned. (*See* docket entry dated June 24, 2016 in 3:02-cr-135-1-VEH-SGC).

[2] The court finds that there is no need for an evidentiary hearing.

**BACKGROUND AND PROCEDURAL HISTORY**[3]

Petitioner pleaded guilty to one count of armed bank robbery under an aiding-and-abetting theory, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2 (Count One); two counts of armed bank robbery under a principal-liability theory (Counts Three and Five); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Two and Four, relying on Counts One and Three respectively). (Cr. Doc. 68 at 1). He was sentenced to concurrent terms of 110 months of imprisonment for the armed bank robbery offenses, a consecutive term of 84 months of imprisonment for Count Two, and a further consecutive term of 300 months for Count Four. *Id.* at 2.

The 84-month consecutive sentence for Count Two was required under 18 U.S.C. § 924(c)(1)(A)(ii), and the 300-month consecutive sentence for Count Four was required under 18 U.S.C. § 924(c)(1)(C)(i). Both of these provisions increase the statutory imprisonment ranges for defendants who use firearms during and in relation to a "crime of violence," which means a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

---

[3] All references in this section are to documents filed in the companion criminal case, *U.S. v. Jayme D. Allen*, 3:02-cr-135-VEH-SGC-1 (N.D. Ala.).

committing the offense.

18 U.S.C. § 924(c)(3).

This court entered judgment on September 19, 2002. (Cr. Doc. 68 at 1). Petitioner appealed his convictions and sentences, and the Eleventh Circuit affirmed the district court's judgment on July 28, 2003. *United States v. Allen*, 77 F. App'x 508 (11th Cir. 2003) (Table). He filed his Section 2255 petition on June 24, 2016. (Doc. 88.).

## II. THE PARTIES' POSITIONS

Petitioner asserts that he is entitled to have his sentence vacated (and that his petition is timely under 28 U.S.C. § 2255(f)(3)) because of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Specifically, he argues that his sentence is due to be vacated because, "[i]n light of *Johnson* .... a bank robbery can no longer qualify as a 'crime of violence ' for purposes of 18 U.S.C. § 924(c)". (Doc. 1 at 2). His argument is

> The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause ... that the Supreme Court struck down in *Johnson* as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, a bank robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause.

(*Id*.).

3

The Government responds that the Petition is barred by the one-year statute of limitations applicable to relief sought under 28 U.S.C. § 2255; it is procedurally defaulted; and it is wrong on the merits. (Doc. 5). For reasons of judicial efficiency, the undersigned will address the issue of procedural default first, as procedural default precludes a merits analysis as well as the Government's statute of limitations argument—which depends upon the court's agreement with the merits argument.

## ANALYSIS

### I. The Petitioner's Claim Is Procedurally Defaulted

A defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). This procedural bar applies with equal force to statutory and constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994).

There are two routes by which a movant may be excused from this procedural foreclosure. First, the movant may show "cause" for the waiver and "actual prejudice" resulting from the alleged violation. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.

Ct. 2497, 2506, 53 L. Ed. 2d 594 (1977). Second, the movant may show that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998).

Here, the Petitioner asserts a constitutional error. However, he shows no "cause" for failing to present this issue in his direct appeal. The fact that Petitioner's argument was foreclosed by existing circuit precedent at the time of his direct appeal does not constitute "cause."[4] *McCoy v. U.S.*, 266 F.3d at 1259 ("perceived futility does not constitute cause to excuse a procedural default."). As for the actual innocence exception, the Petitioner here merely argues a sentencing error, <u>not</u> that he is actually innocent. *Cf. Bousley*, 532 U.S. at 623, 118 S. Ct. at 1611 (emphasizing that "'actual innocence' means factual innocence, not mere legal insufficiency"). Accordingly, his claim remains procedurally defaulted.[5]

## II. <u>Certificate of Appealability</u>

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court

---

[4] Petitioner does not asset that his appellate counsel was constitutionally ineffective.

[5] As explained in the Government's opposition, even if the Petitioner's claim were not procedurally defaulted, it has no merit and thus is barred by the statute of limitations. *See* doc. 5, *passim*.

must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

## CONCLUSION

Petitioner's sentencing error claim is procedurally defaulted. He has not argued, much less shown, any cause for such default, nor that he is actually innocent of the crimes of conviction. Accordingly, his Petition is due to be **DISMISSED WITH PREJUDICE**. Additionally, he is not entitled to a Certificate of Appealability and any motion for leave to appeal in forma pauperis is due to be **DENIED**.

**DONE** this the 3rd day of August, 2016.

                                                                                                  _/s/ Virginia Emerson Hopkins_
                                                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                                                  United States District Judge